UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-1181033 C-13D
**JAMES FICKLING, JR.,** )
**LEIGH FICKLING,** )
 )
       Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on June 27, 2011, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On June 27, 2011, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes a monthly payment of $590.00 for a period of 60 months. Unsecured creditors will not receive any dividend.

5. In Schedule "B", the male Debtor lists ownership of a savings account with BB&T worth $22,532.05. According to Schedule 91-C, the Debtors claim federal exemptions pursuant to 11 U.S.C. §522(d) due to being domiciled in South Carolina prior to the petition date. See 11 U.S.C. §522(b)(3). The male Debtor has not claimed any available exemption for this asset; therefore, there is approximately $22,532.05 of non-exempt equity in the male Debtor's estate.

6. The Trustee objects to confirmation of the Debtors' plan in that the plan does not provide unsecured creditors with the liquidated value of the male Debtor's estate as required by 11 U.S.C. §1325(a)(4). The Debtors' plan should provide the male Debtor's unsecured creditors, including priority creditors, with approximately $22,532.05.

1

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with 11 U.S.C. §1325(a)(4) and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtors' plan be modified to provide the male Debtor's unsecured creditors with $22,532.05 pursuant to 11 U.S.C. §1325(a)(4); or

3. For such other and further relief as the Court may deem just or proper.

This the 15th day of August, 2011.

/s/ Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, James & Leigh Fickling, 9 Gingerwood Ln., Durham, NC 27713, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 15th day of August, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell, Esq.
Attorney for the Standing Trustee